UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALEJANDRO HUERTA PICHARDO, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  2:12-cv-02875-HGD |
| ) | |
| LIN'S DYNASTY, INC., et al., ) | |
| ) | |
| Defendants ) | |

## REPORT AND RECOMMENDATION

The above-entitled civil action is before the court on the Motion for Partial Summary Judgment filed by plaintiff.  (Doc. 28).  Plaintiff, Alejandro Huerta Pichardo, filed suit against Lin's Dynasty, Inc., Susan Lyn, Pablo's Restaurant & Cantina, Inc., Pablo's II, Inc., and Pablo's III, LLC (collectively referred to as "the defendants") alleging that he was not paid overtime, in violation of 29 U.S.C. § 207 (Count One), or minimum wage, in violation of 29 U.S.C. § 206 (Count Two), of the Fair Labor Standards Act (FLSA).  In addition to back wages, plaintiff seeks liquidated damages for what he claims were willful violations by the defendants, as well as attorney's fees and costs.  (Doc. 1, Complaint).

Plaintiff now seeks partial summary judgment with regard to Count One, alleging that there are no genuine issues of material fact with regard to his claim that he was not paid overtime wages by the defendants as required by 29 U.S.C. § 207(a). (Doc. 28, Plaintiff's Motion for Partial Summary Judgment).

## SUMMARY JUDGMENT STANDARD

According to the Federal Rules of Civil Procedure, a federal court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. Rule 56(a) (Dec. 2010). Plaintiff, as the party seeking summary judgment, bears the initial responsibility of informing the district court of the basis for his motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which he believes demonstrates the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine issue of material fact is shown when the nonmoving party produces evidence so that a reasonable factfinder could return a verdict in its favor. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party

is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter; the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. *Tipton v. Bergrohr GMBH-Siegen*, 965 F .2d 994, 998-99 (11th Cir. 1992), *cert. denied*, 507 U.S. 911 (1993). However, speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir. 2005). A "mere scintilla of evidence" in support of the nonmoving party also cannot overcome a motion for summary judgment. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

According to defendants, plaintiff worked as a busboy from October 2008 to August 20, 2011. During that time, he worked both lunch and dinner shifts of no more than 4.5 hours each. He was paid $20.00 per shift. This averages out to $4.44 per hour. Plaintiff was a tipped employee. In addition to the compensation he received for working each shift, he received 2% of the total net sales for each shift he worked. Busboys typically worked both the lunch and dinner shift to comprise a full day's work.

Defendants state that, because of the lucrative tips, plaintiff frequently but voluntarily worked six (6) days per week, covering the lunch and dinner shifts.

Plaintiff would often work the Friday night dinner shift and both Saturday lunch and dinner shifts, which would extend his hours beyond 40 hours per week. According to defendants, on many weeks, but not every week, plaintiff was paid for working six full-day shifts, totaling 54 hours.

If plaintiff worked six full days (12 shifts, or 54 hours) for two consecutive weeks, he was paid a total of $480.00 for the 24 shifts, in addition to his shift share.

## DISCUSSION

All parties agree that Pichardo was a "tipped employee" while he worked for the defendants. *See* 29 U.S.C. § 203(t) (a "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."). "Tipped employees" include hostesses and busboys. *See Kilgore v. Outback Steakhouse*, 160 F.3d 294, 301 (6th Cir. 1998).

"Tipped employees" must be paid a minimum of $2.13 per hour. However, total compensation, including tips, must equal at least the federal minimum wage of $7.25. In order to satisfy this amount, an employer receives a "tip credit" under certain circumstances, for tips received by tipped employees. Thus, if an employee is paid $2.13 per hour, the employer can claim a "tip credit" for tips of up to $5.12 per hour ($5.12 + $2.13 = $7.25). However, the employer can only claim that amount necessary to bridge the gap between the employee's wage and the federal minimum

wage. Consequently, because plaintiff was paid $4.44 per hour, the defendants could claim only $2.81 per hour in tip credits ($4.44 + $2.81 = $7.25).

When a tipped employee works overtime, the amount he receives must equal at least time and one-half of the federal minimum wage, or $10.88 per hour. However, the employer can only receive a tip credit for the same amount that it receives when the employee is not working overtime. Thus, the total amount that plaintiff should have been paid during weeks when he worked 54 hours was $7.25 per hour x 40 hours = $290.00, plus $10.88 per hour x 14 hours = $152.32. This equals total gross wages of $442.32 ($290.00 + $152.32 = $442.32). Defendants can take the tip credit against these wages in an amount equal to what they took for the first 40 hours of work, $2.81 per hour. Thus, 54 hours x $2.81 = $151.74. Subtracting the allowed tip credit from the wages due plaintiff for the 54 hours he worked results in plaintiff being owed $290.58 in wages ($442.32 (wages earned) - 151.74 (tip credit) = $290.58 amount owed by defendants). Consequently, because plaintiff was paid only $240.00 for those weeks when he worked 54 hours (6 days or 12 shifts), he was underpaid by $50.58 ($290.58 - $240.00 = $50.58) for those weeks. Defendants do not dispute this calculation. (*See* Doc. 30 at 13).

Defendants do not concede that any failure to pay the correct amount of overtime was willful conduct. Likewise, they do not concede that plaintiff worked

overtime for every pay period during which he was employed by the defendants. However, plaintiff has not asked for summary judgment as to the willfulness of the violations, nor have defendants. The only issue before the Court is whether summary judgment is due to be granted with respect to the issue of whether defendants failed to pay overtime owed to plaintiff. Defendants have conceded as much.

Therefore, it is RECOMMENDED that plaintiff's Motion for Partial Summary Judgment be GRANTED in that there is no genuine dispute of material fact that defendants failed to pay plaintiff overtime during the time he was employed by the defendants. The exact amount of overtime due and the willfulness of these violations are issues of fact not yet established. Thus, in all other respects, this matter is due to be set for trial. Unless all parties consent to the jurisdiction of the undersigned magistrate judge, this matter will be reassigned to a U.S. District Judge for all further proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's

recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 21st day of May, 2014.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE